# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIM GAILEY,<br><br>    Defendant. | No. CR13-3001-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

In a Second Superseding Indictment returned on May 23, 2013, defendant Tim Gailey is charged with conspiring to distribute 500 grams or more methamphetamine which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(A), and 846, distributing 9.9 grams or more of pure methamphetamine, within 1,000 feet of a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a), distributing 7.13 grams or more of pure methamphetamine, within 1,000 feet of a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a), and distributing 17.5 grams or more of pure methamphetamine, within 1,000 feet of a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a), distributing 26.1 grams of a methamphetamine mixture containing 12.03 grams of pure methamphetamine, within 1,000 feet of a school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a), and possessing with intent to distribute 102.72 grams of a methamphetamine mixture containing 50 grams or more of pure methamphetamine, within 1,000 feet of a school or playground,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a). On June 28, 2013, defendant appeared before United States Magistrate Judge Leonard T. Strand and entered a plea of guilty to Counts 1 and 10 of the Second Superseding Indictment. On this same date, Judge Strand filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Strand's Report and Recommendation were filed.[1] The court, therefore, undertakes the necessary review of Judge Strand's recommendation to accept defendant's plea in this case.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute

---

[1] The parties have waived the fourteen day period in which to file objections to Judge Strand's Report and Recommendation.

> does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Strand's Report and Recommendation and accepts defendant's plea of guilty in this case to Counts 1 and 10 of the Second Superseding Indictment.

**IT IS SO ORDERED.**

**DATED** this 28th day of June, 2013.

                                                                                                              */s/ Mark W. Bennett*
                                                          MARK W. BENNETT
                                                          U. S. DISTRICT COURT JUDGE
                                                          NORTHERN DISTRICT OF IOWA